Bland, Chancellor.
It appears, that this defendant, by his petition of the 17th of November 1821, suggested the death of the plaintiff, and prayed that his administrator might be made a party, evidently with a view to have the suit *548 revived in the mode prescribed by the act of 1820, ch. 161. That act, however, only gives a new and more expeditious mode of proceeding to those who could, independently of its provisions, revive by a proper bill of revivor. It is a general rule, that where a suit abates, by the death of a party, before the final decree, the defendant cannot have it revived; since no one can be compelled to commence, renew, or revive a suit against another. After a decree to account, by which both parties are made actorfe, or after a final decree, a defendant may revive; because he may have an interest in the execution of the decree. The good sense of the rule is, that in every case where a defendant can derive a benefit from the further proceeding, he may revive, (a) But it is very clear, that this is not such a suit as this defendant can be allowed to revive.
The only object here, the suit having been terminated by abatement, is to have the injunction dissolved so as to enable this defendant to proceed at law. Which, according to the course of the court, may be attained by a petition, as in this instance, praying that the administrator of the deceased plaintiff may revive within a stated time, or that the injunction stand dissolved. For, although in strictness the whole proceedings are abated by the death of either party, yet the injunction, being a judgment of the court, continues in full force until it has been dissolved by the court itself. (b)
Whereupon it is ordered, that the petition of the said defendant, filed on the 17th of November 1821, be and the same is hereby dismissed with costs. And it is further ordered, that the injunction heretofore granted in this case be dissolved after the 14th day of March next, unless the said Luke Griffith, administrator of the late Samuel G. Griffith, before that day proceed to revive the said suit. Provided that a copy of this order, together with a copy of the said petition filed on the 11th instant, be served on the said Luke on or before the 2d of March next.
Upon a copy of this order the sheriff of Harford county made return on oath, that Luke Griffith therein named resided out of the State of Maryland. Upon which the case was again brought before the court.
*549 19th March, 1829. — Bland, Chancellor. — It is a general rule of this court, that the legal representatives of a deceased party must be served with notice to revive the suit within a limited time before the injunction can be dissolved.(c) But this rule must be relaxed to meet the justice of the case, and accommodated to the exigency of circumstances.(e) Where it was shewn, that the legal representatives of the deceased were numerous, much dispersed, and not well known, and that it would be difficult, if not impossible, to serve any order upon them; it was on motion ordered, that unless the representatives of the complainant should come in before the end of the next term and cause the suit to be revived, the injunction should stand dissolved, (f) In the case under consideration it appears, that the order could not be served within the State; on consideration of which and the length of time that has elapsed since the death of the late plaintiff, I deem this a case in which it becomes necessary to depart from the general rule.
Whereupon it is, on motion of the defendant by his solicitor, Ordered, that unless the said Luke Griffith, or some other legal representative of the said late Samuel G. Griffith, to whom the right belongs, shall come in before the end of the next term and cause this suit to be revived, the said injunction heretofore granted shall stand dissolved after that time.
Under this order the bill was on the 30th of September 1829 dismissed; but being soon after reinstated by consent, Luke Griffith, the administrator, was admitted as plaintiff in place of his intestate, and Bronaugh, the defendant, filed his answer, to which the plaintiff put in a general replication, and a commission issued to take testimony, which having been returned, without any having been taken, the case was set down for final hearing; and on the 18th of January it was decreed, that the injunction be perpetual.

 Lord Stowell v. Cole, 2 Vern. 219; Williams v. Cooke, 10 Ves. 406; Horwood v. Schmedes, 12 Ves. 311.

 Gilb. For. Rom. 198; 1 Newl. Chan, 229; Eden. Inj. 93.

 Duke of Chandos v. Talbot, Select Ca. Chan. 24.

 Eden. Inj. 40, 66; 1 Fow. Ex. Pra. 287.

 Carter v. Washington, 1 Hen. &. Mun. 203; Kenner v. Hord, 1 Hen. & Mun. 204.